JEREMY GILES #V-97284
California State Prison - Los Angeles
P.O. Box 4670
Lancaster, California 93539
In Pro Se

Related DDT

FILED
CLERK U.S. DISTRICT COURT
MAY 6 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1

2

3

4

5

6  Jeremy Giles,

7          Plaintiff,

8

9     v.

10

11  California Department of
    Corrections & Rehabilitation,
12  Edmund G. Brown Jr., James E.
    Tilton, J. Lewis, John Soto,
13  D.J. Williams, D. Cox, V. Edwards,
    and J. Rachal,
14          Defendants.

Case No.

CV15-03393 JGB (VBK)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983
FOR DECLARATORY AND INJUNCTIVE
RELIEF

[Civil Rights-Disability
Discrimination]

[DEMAND FOR JURY TRIAL]

15              INTRODUCTION

16  1.    This is an action for relief from Defendants violation of

17  Plaintiff's civil rights under the Rehabilitation Act of 1973

18  the Americans with Disabilities Act of 1990, and California

19  Government Code section 11135.

20  2.    The California Department of Corrections & Rehabilitation,

21  (CDCR), Edmund G. Brown Jr., James E. Tilton, J. Lewis, John Soto,

22  D.J. Williams, D. Cox, V. Edwards, and J. Rachal, and each of them,

23  have denied Plaintiff, and others similarly situated, access to

24  basic CDCR programs, services, and activities on the basis of

25  psychiatric disability.

26  //

27  //

28

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 24 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

1.

3.    Plaintiff seek declaratory and injunctive relief, and reasonable attorneys' fees and costs, for defendants violation of his rights.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331,2201, and 2202.

Plaintiff bring this suit under Title II of the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, (Rehabilitation Act), 29 U.S.C. § 794.

5.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), because events giving rise to Plaintiff claims occurred in this District.

### PARTIES

6.    Plaintiff is a person with a psychiatric disability within the meaning of all applicable statutes, and is a qualified person with a disability within the meaning of Title II of the ADA and Section 504 of the Rehabilitation Act of 1973. Plaintiff is a resident of California, and an inmate incarcerated at California State Prison-Los Angeles County.(LAC).

7.    Defendant CDCR administers and operates the California prison system, including LAC, and is legally responsible for ensuring compliance with state and federal disability nondiscrimination laws at all California correctional facilities. Defendant CDCR is a public entity within the meaning of Title II of the ADA. Defendant CDCR receives

2.

federal assistance and is covered by the Rehabilitation Act.

8.    Defendant Brown is the Governor of the State of California, and oversees all state agencies, including the CDCR. Defendant Brown is legally responsible for ensuring compliance with state and federal disability nondiscrimination laws at all state facilities, including state correctional facilities. Defendant Brown is legally responsible for the unlawful policies, practices, and procedures challenged herein, and has the authority and legal obligation to eliminate disability discrimination by abolishing these policies, practices, and procedures. Defendant Brown is sued in his official capacity.

9.    Defendant Tilton is the Secretary,(Acting), of the CDCR, and is legally responsible for ensuring compliance with state and federal disability nondiscrimination laws at all correctional facilities, including LAC. Defendant Tilton is legally responsible for the unlawful policies, practices, and procedures challenged herein, and has the authority and legal obligation to eliminate disability discrimination by abolishing these policies, practices, and procedures.

      Defendant Tilton is sued in his official capacity.

10.    Defendant Lewis is the Deputy Director of the CDCR's Policy and Risk Management Services and is legally responsible for ensuring compliance with state and federal disability nondiscrimination laws at all correctional facilities, including LAC. Defendant Lewis is legally responsible for the unlawful policies, practices, and procedures challenged

1  herein, and has the authority and legal obligation to eliminate

2  disability discrimination by abolishing these policies,

3  practices, and procedures. Defendant Lewis is sued in his

4  official capacity.

5  11.    Defendant John Soto is the Warden of LAC. He is

6  responsible for the administration of programs, services, and

7  activities offered to inmates at LAC, and is in charge of

8  supervision and discipline of all correctional officials and

9  employees at LAC. Defendant Soto is sued in his official

10  capacity.

11  12.    Defendant D.J.Williams is the Associate Warden(AW),

12  (Acting), of LAC in charge of supervision of inmates and

13  correctional officials, including employees, on 'D'Facility at

14  LAC. Defendant D.J.Williams is sued in his official capacity.

15  13.    Defendant D.Cox is a Correctional Lieutenant at LAC in

16  charge of programs as well as supervision of inmates and

17  correctional officials, including employees, on 'D'Facility at

18  LAC. Defendant Cox is sued in his official capacity.

19  14.    Defendant V.Edwards is the Senior Psychologist at LAC,

20  in charge of supervision over mental health programs and

21  services, including psychologists, on 'D'Facility at LAC.

22      Defendant Edwards is sued in her official capacity.

23  15.    Defendant Rachal is a Correctional Sergeant at LAC in

24  charge of supervision over programs and correctional officers

25  on 'D'Facility at LAC. Defendant Rachal is sued in his official

26  capacity.

27  //

28  //

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. B-72)

## STATEMENT OF FACTS

16.    Plaintiff is a prisoner incarcerated at LAC. He is assigned to a special program for inmates with psychiatric disabilities called the Enhanced Outpatient Program,(EOP), which is part of the CDCR's Mental Health Services Delivery System (MHSDS),. EOP is also for prisoners who are gravely mentally disable unable to care for themselves in a General Population (GP) setting. Plaintiff has experienced, and continues to experience, the unlawful and discriminatory actions and inactions alleged herein.

17.    The Defendants CDCR, Brown, Tilton, Lewis, Soto, Williams, Cox, Edwards, and Rachal, and each of them, have adopted, implemented, ratified, and/or failed to abolish unnecessary, discriminatory, and retaliatory policies, practices, and procedur procedure affecting Plaintiff, and others similarly situated, on the basis of psychiatric disability and EOP participation.

These policies, practices, and procedures impose invidious discrimination and bar and function to bar Plaintiff, and others similarly situated, from basic and adequate outdoor programs, services, activities, and recreational therapy that are required under the Coleman Remedial Plan,(CRP), and are apart of the basic LAC EOP operations.

18.    While Plaintiff, and others similarly situated, are required under the CRP to participate in 10-12 hours a week of mental health programming such as support and therapy groups, the remaining hours of the week, 30-40 hours, are mostly spent confined to cell quarters save for 30-40 minutes of indoor dayroom

OURT PAPER
TATE OF CALIFORNIA
TD. 113 (REV. 8-72)

program 6 days a week while one day of the week offers dayroom program for 60-80 minutes in duration. Plaintiff, and others similarly situated, are only afforded outdoor exercise and activities about 5-7 hours a week, often much less due to institutional and/or facility matters such as custody meetings, emergency count, mass search, or other disturbances.

19.    Indoor dayroom EOP programs allow Plaintiff, and others similarly situated, access to showers, telephones, table games, and cell cleaning maintenance while outdoor programs allow Plaintiff, and others similarly situated, access to exercise yard activities, outdoor table games, legal and library services, clothing exchange services, canteen commissary, and religious services and activities.

20.    The LAC EOP is on 'D'Facility which consists of five(5) housing units commonly referred to as Building's 1 through 5, building's 1-2 assigned to EOP, building's 3-4 assigned to GP, and building 5 assigned to EOP participants who are confined separately in Administrative Segregation,(Ad-Seg), however, during the time the discriminatory deprivations were imposed building 5 was too assigned to GP prisoners.

21.    Since as early as about January 2009, LAC EOP outdoor programs, services, and activities were provided and afforded for up to two hours a day, 5 days a week, 8:00a.m., to 10:00 a.m., Monday through Friday, and for up to 4 hours on weekends and holidays, from 8:00a.m., to 10:00a.m,, and then from 1:00 p.m., to 3:00p.m., ensuring access to outdoor programs, services, and activities for up to 10 hours a more a week.

//

22.    Since as early as about January 2010, Defendant's Cox and Rachal was permitted by Defendant's CDCR, Brown, Tilton, Soto, Williams, and Edwards to house a non-EOP prisoner in the EOP building to act as informant against GP prisoners housed in buildings 3 through 5, and personal clerk to Defendant Cox. GP prisoners would often make or convey threat to harm or kill this inmate informant, and in direct response Defendant's Cox and Rachal would often use the CDCR's 'safety and security' standards to deny EOP participants access to outdoor programs, services, and activities while the inmate informant often enjoyed such outdoor activities.

23.    Since as early as about January 2010, Defendant's CDCR, Brown, Tilton, Soto, Williams, Edwards, Cox, and Rachal have been aware of a policy and practice maintained by GP hispanic and white prisoners who are members of disruptive prison/street gangs, which declare and vow to harm or kill any hispanic or white EOP prisoner solely for participating in the CDCR's MHSDS EOP, and in direct response Defendant's Cox and Rachal would often use the CDCR's 'safety and security' standards to deny EOP participants access to outdoor programs, services, and activities while GP prisoners, including those disruptive prison/street gang members, often enjoyed such outdoor activities.

24.    As a direct result of the dispute created by housing a GP inmate informant in EOP coupled by the described policy and practice enforced and maintained by hispanic and white GP prisoners who are members of disruptive prison/street gangs,

1   and so boldly target hispanic and white EOP participants based

2   on MHSDS EOP participation, about January 2010, Defendant's

3   CDCR, Brown, Tilton, Soto, Williams, Cox, Edwards, and Rachal

4   excluded Plaintiff, and others similarly situated, from outdoor

5   programs, services, and activities in the afternoons on

6   weekends, from 1:00p.m., to 3:00p.m., while allowing GP inmates,

7   including those hispanic and white disruptive prison/street

8   gang members described above, to access and enjoy outdoor yard

9   programs, services, and activities during these times.

10  25.    Between about January 2010, and October 2012, various

11  EOP inmates at LAC wrote to EOP attorneys Rosen,Bien,Galvan, &

12  Grunfeld,(RBGG), responsible for monitoring the terms set by

13  the CRP, regarding the matters described above, including the

14  dangerous and disruptive practices created by defendants which

15  defendants then use to exclude LAC EOP inmates, including

16  Plaintiff, from outdoor yard programs, services, and

17  activities on weekends and RBGG contacted Defendant CDCR as well

18  as the Coleman Special Master,(CSM), but to no avail. See

19  Exhibit A Herein.

20  26.    About May 13,2013, hispanic EOP inmate B.Gallagher

21  #AD0014 filed an inmate appeal regarding his being attacked by

22  a GP hispanic disruptive prison/street gang member while in line

23  to receive canteen commissary. EOP inmate B.Gallagher#AD0014

24  sought to use other and previous attacks against hispanic and

25  white EOP inmates by GP hispanic and white disruptive prison/

26  street gang members to establish deliberate indifference on

27  the part of Defendant's CDCR, Brown, Tilton, Lewis, Soto,

1  Williams, Cox, Edwards, and Rachal as well as direct and

2  personal knowledge about the policy and practice established

3  and maintained by GP hispanic and white disruptive prison/

4  street gang members as described herein, even forwarding copy

5  of his grievance to RBGG, Defendant CDCR's Office of

6  Ombudsman(OB), and Office of Inspector General,(OIG), for

7  assistance, but in direct response to such efforts between

8  about May 30, and June 1,2013, Representatives for Defendant

9  CDCR visited LAC EOP to allegedly conduct 'quality control'

10  inspection, where on June 1,2013, Plaintiff, and others

11  similarly situated, were informed by Defendant's Cox, Edwards

12  and Rachal that outdoor yard programs, services, and

13  activities for EOP participants would be excluded from two

14  hours a day,(from 8:00a.m., to 10:00a.m.,) 7-days a week to

15  up to two hours every other day on a rotated schedule based

16  on a EOP 'Morning Exercise Yard & Dayroom Release Schedule

17  June 2013,' attached at Exhibit B Herein.

18  27.    The exclusion of Plaintiff, and others similarly

19  situated, from outdoor yard programs, services, and

20  activities 7-days a week was done in direct response to

21  efforts at exposing the policy and practice maintained by

22  hispanic and white GP disruptive prison/street gang members

23  against hispanic and white EOP participants, and to afford

24  GP inmates, including those hispanic and white GP disruptive

25  prison/street gang members, additional access to outdoor

26  yard programs, services, and activities being withheld from

27  Plaintiff, and others similarly situated.

28.    As a further and direct result of Plaintiff, and others similarly situated, being excluded from outdoor yard programs, services, and activities indoor dayroom programs, services, and activities have been restricted and limited causing a strain on Plaintiff, and others similarly situated, access to showers and other dayroom programs, services, and activities.

29.    Additionally, excluding Plaintiff, and others similarly situated, from outdoor yard programs, services, and activities based on the implementation of the 'EOP Morning Exercise Yard & Dayroom Release Schedule June 2013,' further created conditions where Plaintiff, and others similarly situated, now are forced to give up one right or privilege in exchange for another. Examples include but are not limited to;

a.    When Plaintiff, and others similarly situated, outdoor yard schedule falls on a day at a time when EOP therapy groups are also scheduled, the choice has to be made to either attend outdoor yard programs, services, and activities or attend therapy groups;

b.    Or, when Plaintiff, and others similarly situated, are not scheduled for outdoor yard but are seeking to shower,(as showers are offered for EOP inmates during non-scheduled outdoor yard days), during a time where therapy groups are scheduled, the choice has to be made to either shower and miss attending therapy group or attend therapy group and miss showers.

//

//

30.     Furthermore, and as a result of the unnecessary, retaliatory, and discriminatory policies, practices, and procedures challenged herein, and on the basis of disability, Plaintiff, and others similarly situated, are limited to outdoor yard programs, services, and activities from about 8:20a.m., to 9:45a.m.,(for although the EOP Morning Exercise Yard & Dayroom Release Schedule calls for an 8-10a.m., yard duration Plaintiff, and others similarly situated, are often released at about 8:20a.m., while recalled promptly at 9:45a. m.,), every other day on a rotated schedule while the remainder of the day, from about 9:45a.m., untill 3:30p.m., GP inmates, including those GP hispanic and white disruptive prison/street gang members described herein, are afforded complete and full access to outdoor yard programs, services, and activities without exclusion.

31.     The described denials and exclusions are unnecessary discriminatory, and unlawful. Further, Plaintiff, and those similarly situated, are deprived and excluded from adequate outdoor yard programs, services, and activities despite the fact that participation in outdoor yard programs, services, and activities is therapeutic for persons with serious psychiatric disabilities, and promotes mental health and wellness. By contrast, deprivation and exclusion of Plaintiff, and others similarly situated, from adequate access to outdoor yard programs, services, and activities undermines mental health, wellness, and rehabilitation.

32.     About August 14,2014, attorneys RBGG again contacted

Defendant CDCR about the "lack of yard time for EOP's in the Delta yard at LAC" however, Plaintiff, and others similarly situated, continue to be unlawfully excluded on the basis of disability. See Exhibit C Herein.

ADMINISTRATIVE EXHAUSTION

33.   Plaintiff has satisfied all exhaustion requirements for issues raised in this lawsuit. However, Plaintiff, and others similarly situated, appeals have been subjected to 'improper screening' defined by Sapp v. Kimbrell, 623 F.3d 813, *2010 U.S. App LEXIS 1993 in violation of Defendant CDCR's own policy and procedures as set forth in California Code of Regulations, Title 15, (CCR.Title 15), by LAC Appeals Office.

34.   On October 24,2013, Plaintiff, and others similarly situated, participated in a Group CDCR-HC appeal concerning Defendant Edwards dishonesty involved with discriminatory exclusion of EOP inmates from outdoor yard programs, services, activities. See Exhibit D Herein, and although this Group Appeal was filed by EOP inmate F.West#H-23291, the appeal was never responded to or acted on, and when EOP inmate F.West #H-23291 subsequently transferred to another CDCR institution, LAC Appeals Office utterly failed to adher CCR.Title 15 § 3084.2(h)(3) which provides that "If the inmate or parolee submitting the appeal is transfered, released, discharged, or requests to withdraw from the group appeal, responses shall be directed to the next inmate or parolee listed on the appeal attachment who remains at the facility/region, and who shall be responsible for sharing the response with the

other inmates or parolees identified on the appeal." Such well established CDCR policy however, was utterly ignored.

35.     Following EOP inmate F.West#H-23291 transfer on about December 30,2013, Plaintiff, and others similarly situated, were never afforded the protections of CCR.Title 15 § 3084.2(h)(3) as outlined above.

36.   On July 12,2014, Plaintiff, and others similarly situated, participated in another Group Appeal by CDCR-1824, concerning discriminatory exclusion from outdoor yard programs, services, and activities as challenged herein, and although this Group Appeal was filed by EOP inmate S.Carter#J-65253, on July 24,2014, and August 24,2014, LAC Appeals Office rejected and screened out this Group grievance based on misleading instructions directing Plaintiff, and others similarly situated, to filter through the misleading, confusing, and contradictory screening instructions. See Exhibit E Herein.

37.     Although EOP inmate S.Carter#J-65253, CDCR-1824 Group Appeal raised meritorious ADA claims, the Group Appeal was subjected to 'improper screening' untill EOP inmate S.Carter#J-65253, was subsequently placed in Ad-Seg about September 2014, at which time Plaintiff, and others similarly situated, were never afforded the protections of CCR.Title 15 § 3084.2(h)(3) as outlined above.

38.   On July 31,2014, Plaintiff, and others similarly situated, participated in yet another Group Appeal by CDCR-602-HC concerning discriminatory exclusion from outdoor yard programs, services, and activities as challenged herein, and although this

1  Group Appeal was filed by EOP inmate J.Williams#V-34099 on

2  July 31,2014, the Group Appeal was erroneously rejected based

3  on 'improper screening' on August 27,2014, then subsequently

4  cancelled on October.17,2014, due to LAC officials, including

5  the Defendants, and each of them, continuous and utter refusal

6  to abolish the discriminatory exclusions raised by this action.

7  See Exhibit F Herein.

8  39.    Because Defendants, and LAC officials acting in concert

9  with Defendants, have repeatedly rejected and 'improperly

10  screened' out ANY AND ALL grievances which challenge the

11  discriminatory exclusions raised by this action, the grievance

12  procedure has effectively been rendered unavailable to

13  Plaintiff, and others similarly situated. In fact, Plaintiff,

14  and those similarly situated, have been repeatedly and

15  "reliably informed by an administrator that no remedies are

16  available to them." See Brown v. Valoff, 422 F.3d 926,935(9th

17  Cir.2005); Hemphill v. New York, 380 F.3d 680,686, 688(2d Cir.

18  2004).

19  40.    Plaintiff, and those similarly situated, appeals have

20  placed the defendants, and LAC prison officials, on notice

21  of the issues raised in this lawsuit, see Massie v. Early,

22  No. 1:00CV5248OWW-LJO P,2005 WL 2105304, at *3(E.D.Cal.Aug.

23  31,2005), "afford[ing them] time and opportunity to address

24  [Plaintiffs] complaints internally." Woodford v. Ngo, 126 S.

25  Ct.2378,2387(2006)(quoting Porter v. Nussle, 534 U.S. 516,

26  525(2002). Prior efforts by other EOP inmates to challenge

27  MHSDS EOP exclusion from adequate outdoor yard programs,

1  services, and activities, including efforts made by attorneys

2  RBGG, using the internal grievance procedure have similarly

3  placed defendants on notice and have been similarly fruitless.

4  41.    Even when attorneys RBGG informed Defendant CDCR that

5  CDCR-1824 and 602-HC appeals filed by EOP inmates which

6  challenged discriminatory exclusions raised by this lawsuit

7  were not being processed on D-Facility, Defendants, and each

8  of them, including LAC prison officials acting in concert with

9  defendants, still refused to address, rectify, or abolish

10  the challenged discriminatory policies, practices, and

11  procedures, again making clear that administrative remedies

12  are 'not avaliable.'

13  42.    Defendants, and each of them, have had repeated and

14  ample notice of the issues raised by this lawsuit, and have

15  had many opportunities over several years to consider these

16  issues through the administrative process. There can be no

17  dispute that further administrative efforts would be futile,

18  and that judicial consideration is appropriate.

19                    FIRST CAUSE OF ACTION
                Disability-Based Discrimination in Violation
20          of Title II of the ADA of 1990 Against all
            Defendants:
21

22  43.    Plaintiff incorporates by reference as though fully

23  set forth herein paragraphs 1 through 40 of this Complaint.

24  44.    Title II of the ADA provides that "no qualified

25  individual with a disability shall, by reason of such

26  disability, be excluded from participation in or be denied

27  the benefits of the services, programs, or activities of a

                              15.

1  public entity, or be subjected to discrimination by any such

2  entity." 42 U.S.C. § 12132. By no later than July 26, 1992,

3  public entities were required to complete an evaluation of its

4  services, policies, and practices and the effects thereof on

5  persons with disabilities, and to make any modifications

6  necessary to ensure that the requirements of Title II are met.

7  28 C.F.R. § 35.105.

8  45.    In providing any aid, benefit, or service, a public

9  entity "may not....[d]eny a qualified individual with a

10  disability the opportunity to participate in or benefit from the

11  aid, benefit or service," "[a]fford a qualified individual with

12  a disability an opportunity to participate in or benefit from

13  the aid, benefit, or service that is not equal to that afforded

14  others;" "[p]rovide a qualified individual with a disability

15  with an aid, benefit, or service that is not as effective in

16  affording equal opportunity...as those provided to others," or

17  [o]therwise limit a qualified individual with a disability

18  in the enjoyment of any right, privilege, advantage, or

19  opportunity enjoyed by others[.]" 28 C.F.R. § 35.130(b)(1)(i),

20  (ii),(iii),(vi). A public entity may not "[d]eny a qualified

21  individual with a disability the opportunity to participate as a

22  member of planning or advisory boards." 28 C.F.R. § 35.130(b)(1)

23  (vi).

24  46.    Further, "[a] public entity may not....utilize criteria

25  or methods of administration.... [t]hat have the effect of

26  subjecting qualified individuals with disabilities to

27  discrimination on the basis of disability." 28 C.F.R. § 35.130(b)

28  //

16.

1    (3)(i). Nor may a public entity "impose or apply eligibility

2    criteria that screen out or tend to screen out an individual

3    with a disability or any class of individuals with disabilities

4    from fully and equally enjoying any service, program, or

5    activity, unless such criteria can be shown to be necessary[.] 28

6    C.F.R. § 35.130(b)(8). Finally, "[a] public entity shall

7    administer services, programs, and activities in the most

8    integrated setting appropriate to the needs of qualified

9    individuals with disabilities." 28 C.F.R. § 35.130(d).

10   47.    Defendants, and each of them, have violated the ADA and

11   its regulations by, inter alia denying Plaintiff and those

12   similarly situated equal access to outdoor as well as indoor

13   programs, services, and activities offered to nondisable, or GP

14   inmates, by utilizing policies, practices, and procedures that

15   have a disparate impact on, and which screen out or tend to

16   screen out, inmates with psychiatric disabilities, including

17   Plaintiff, by utilizing methods of administration that have the

18   effect of discriminating against inmates with psychiatric

19   disabilities, including Plaintiff, by failing to complete and

20   implement an adequate self-evaluation plan with respect to

21   inmates with psychiatric disabilities, by failing to take

22   prompt and equitable steps to remedy their discriminatory conduct

23   and by otherwise segregating, excluding, and discriminating

24   against inmates with psychiatric disabilities, including

25   Plaintiff.

26   48.    Defendants' unlawful actions were and continue to be

27   intentional, willful, malicious, and/or done with reckless

28   //

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

1  disregard to the right of Plaintiff and others similarly

2  situated to be free from discrimination based on disability.

3  49.    Plaintiff is entitled to declaratory relief, injunctive

4  relief, and attorney's fees and costs.

### SECOND CAUSE OF ACTION

Disability-Based Discrimination in Violation
of Section 504 of the Rehabilitation Act of 1973
Against All Defendants:

8  50.    Plaintiff incorporates by reference as though fully set

9  forth herein paragraphs 1 through 49 of this Complaint.

10  51.    Section 504 of the Rehabilitation Act states that "[n]o

11  otherwise qualified individual with a disability....shall,

12  solely by reason of his or hers disability, be excluded from

13  the participation in, be denied the benefits of, or be

14  subjected to discrimination under any program or activity

15  receiving Federal financial assistance." 29 U.S.C. § 794(a).

16  Nearly 30 years ago, recipients of Federal financial assistance

17  were required to complete a self-evaluation of their programs

18  and activities, and make necessary changes to ensure that such

19  programs and activities were accessible to and usable by

20  persons with disabilities. See,e.g.,28 C.F.R. § 42.521; 45

21  C.F.R. § 84.22.

22  51.    As outlined herein, Defendants, and each of them, have

23  violated Section 504 and its regulations by unnecessarily

24  segregating and discriminating against inmates with psychiatric

25  disabilities, including Plaintiff. Defendants have further

26  failed to complete and implement an adequate self-evaluation

27  plan with respect to inmates with psychiatric disabilities..

52.    Defendants' unlawful actions were and continue to be intentional, willful, malicious, and/or done with reckless disregard to the right of Plaintiff and others similarly situated to be free from discrimination based on disability.

53.    Plaintiff is entitled to declaratory relief, injunctive relief, and attorney's fees and costs.

<u>DECLARATORY RELIEF ALLEGATIONS</u>

54.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 53, as though fully set forth herein.

55.    A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties.. Plaintiff contends that the Defendants have violated and continue to violate his rights, and the rights of others similarly situated, under the ADA, Section 504, and Section 11135 of the California Government Code. Plaintiff is informed and belives, and thereon alleges, that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

56.    Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

<u>INJUNCTIVE RELIEF ALLEGATIONS</u>

57.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 56, as though fully set forth herein.

58.    No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs alleged herein.

59.    If the Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1.    For an order enjoining the Defendants from engaging in the unlawful discrimination complained of herein.

2.    For an order granting such other injunctive relief as may be appropriate.

3.    For declaratory relief.

4.    For punitive damages according to proof.

5.    For compensatory damages according to proof.

6.    For prospective damages according to proof.

7.    For exemplary damages according to proof.

8.    For special damages according to proof.

9.    For reasonable attorneys' fees and cost of suit, including expert fees, pursuant to 42 U.S.C. § 12205, 29 U.S.C § 2617(a)(3), Cal.,Civil.,Code §§ 52(a), 54.3(a), 55, Cal., Code of Civ.,Proc § 1021.5, and all other laws.

10.   Grant Plaintiff's demand for jury trial on all issues triable by jury, and;

11.   All other relief this Court deems just and proper.

## VERIFICATION

I declare that I have read the above Complaint and the matters contained therein are true and correct under the penalty of perjury under the laws of the state of California this _8 TH_ day of April 2015, at Lancaster,California.

_Jeremy Siles_

JEREMY SILES-DEClarant
PlaintiFF In ProSE

20.





**ROSEN BIEN GALVAN & GRUNFELD LLP**

P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Glenn M Baldwin
Email: gbaldwin@rbgg.com

November 8, 2012

VIA U.S. MAIL

<div style="border:1px solid #000; display:inline-block; padding:4px;">**CONFIDENTIAL – LEGAL MAIL**</div>

John Wesley Williams, V-34099
California State Prison, Lancaster
44750 60th Street West
Lancaster, CA 93536-7620

  Re: Coleman v. Brown
    <u>Our File No. 0489-3</u>

Dear Mr. Williams:

  Thank you for the information you provided; your letter confirms other disturbing reports we have received from a variety of sources. In addition to forwarding your letter to Internal Affairs, as you requested on October 18, 2012, we have now contacted CDCR and the *Coleman* Special Master regarding the dangerous and disruptive situation you and others describe in the EOP unit and Lancaster.

  Please let us know about any further developments and we will be in touch when we hear back from CDCR. The information you provide about problems in the prisons is very useful in our efforts to improve the CDCR's mental health treatment programs. We encourage you to continue to inform us of any new problems with the CDCR's mental health treatment programs.

       Sincerely,

       ROSEN BIEN
       GALVAN & GRUNFELD LLP

       By: Glenn Baldwin
          Paralegal

[693650-1]



**ROSEN BIEN GALVAN & GRUNFELD LLP**

P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

November 29, 2012

<u>CONFIDENTIAL – LEGAL MAIL</u>

John Wesley Williams  V-34099
California State Prison, Lancaster
44750 60th Street West
Lancaster, CA  93536-7620

     Re:    *Coleman v. Brown*
            <u>Our File No. 489-3</u>

Dear Mr. Williams:

    This is in response to your letter dated November 15, 2012, which we received on November 26, 2012.  We are returning the original documents you sent to our office.

    We have yet to hear back from either the *Coleman* Special Master or CDCR regarding the housing of a GP informant in the EOP unit at LAC and the disruptions this has caused in programming.  Please let us know if you hear from the OIA and/or what further response you receive to your Form 22.

    I am enclosing a self-addressed stamped envelope for you to use.

    Please be assured that we have read your letter carefully.  Thank you for writing.

           Sincerely,

           ROSEN BIEN
           GALVAN & GRUNFELD LLP

           By:   Glenn Baldwin
                Paralegal

GMB:gmb
Encl:  SASE, Orig.

[700133-1]



**ROSEN BIEN**
**GALVAN & GRUNFELD** LLP

P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

December 12, 2012

<u>CONFIDENTIAL – LEGAL MAIL</u>

John Williams  V-34099
California State Prison, Lancaster
44750 60th Street West
Lancaster, CA  93536-7620

Re:    *Coleman v. Brown*
       <u>Our File No. 489-3</u>

Dear Mr. Williams:

       This is in response to your letter dated November 27, 2012, which we received on December 3, 2012.  We are returning any original documents you may have sent to our office.

       Thank you for the further information about your appeals not being processed on D-Facility.  As we mentioned in our last letter to you, we have still not heard back from either the *Coleman* Special Master or CDCR regarding the housing of a GP informant in the EOP unit at LAC and the disruptions this has caused in programming.  Please let us know if you hear from the OIA or if you receive a response from your appeals.

       Please be assured that we have read your letter carefully.  Thank you for writing.

                                            Sincerely,

                                            ROSEN BIEN
                                            GALVAN & GRUNFELD LLP

                                    By:    Abigail Haney
                                            Paralegal

AH:ah
Encl:  SASE

[704840-1]

# EXHIBIT B

ENHANCED OUTPATIENT PROGRAM FACILITY 'D'
MORNING EXERCISE YARD & DAYROOM RELEASE SCHEDULE JUNE 2013

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | | | **1**<br>8amYard Upper/<br>Dayroom up<br>1430Dayroom low<br>1900 Dayroom up |
| **2**<br>8amYard Lower/<br>Dayroom up<br>1430 Dayroom low<br>1900 Dayroom low | **3**<br>8amYard Upper/ | **4**<br>8amYard Lower/ | **5**<br>8amYard Upper/ | **6**<br>8amYard Lower/ | **7**<br>8amYard Upper/ | **8**<br>8amYard Lower/<br>Dayroom up<br>1430Dayroom low<br>1900 Dayroom low |
| **9**<br>8amYard Upper/<br>Dayroom low<br>1430Dayroom low<br>1900 Dayroom low | **10**<br>8amYard Lower/<br>1430Dayroom low<br>1900 Dayroom up | **11**<br>8amYard Upper/<br>1430Dayroom up<br>1900 Dayroom low | **12**<br>8amYard Lower/<br>1430Dayroom low<br>1900 Dayroom up | **13**<br>8amYard Upper/<br>1430Dayroom up<br>1900 Dayroom low | **14**<br>8amYard Lower/<br>1430 Dayroom low<br>1900 Dayroom up | **15**<br>8amYard Upper/<br>Dayroom low<br>1430Dayroom up<br>1900 Dayroom low |
| **16**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low | **17**<br>8amYard Upper/<br>1430Dayroom low<br>1900 Dayroom up | **18**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low | **19**<br>8amYard Upper/<br>1430Dayroom low<br>1900 Dayroom up | **20**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low | **21**<br>8amYard Upper/<br>1430 Dayroom low<br>1900 Dayroom up | **22**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low |
| **23**<br>8amYard Upper/<br>1430Dayroom low<br>1900 Dayroom up | **24**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low | **25**<br>8amYard Upper/<br>1430Dayroom low<br>1900 Dayroom up | **26**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low | **27**<br>8amYard Upper/<br>1430Dayroom low<br>1900 Dayroom up | **28**<br>8amYard Lower/<br>1430Dayroom up<br>1900 Dayroom low | **29**<br>8amYard Upper/<br>Dayroom low<br>1430Dayroom low<br>1900 Dayroom up |
| **30**<br>8amYardLower/<br>Dayroom up<br>1430 Dayroom low<br>1900 Dayroom low | | | | | | |

Yard Sergeant: _____

D. Priest

EXHIBIT C



**ROSEN BIEN**
**GALVAN & GRUNFELD** LLP

P.O. Box 390
San Francisco, California 94104-0390
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Margot Mendelson

August 14, 2014

CONFIDENTIAL – LEGAL MAIL

<table>
<tr><td>

John Williams  V-34099
California State Prison, Lancaster
44750 60th Street West
Lancaster, CA  93536-7620

</td><td>

| PRIVILEGED AND |
| CONFIDENTIAL |
| --- |
| ATTORNEY-CLIENT |
| COMMUNICATION |

</td></tr>
</table>

    Re:    *Coleman v. Brown; Hecker v. CDCR*
            Our File Nos. 489-3; 935-1

Dear Mr. Williams:

       I received your letters dated June 30, 2014, July 29, 2014 and August 4, 2014. Thank you again for meeting with me last month and for the valuable information you continue to provide about the conditions for EOPs at CSP-Lancaster.

       As promised, I have contacted CDCR regarding the lack of yard time for EOPs in the Delta yard at CSP-LAC.  I conveyed to CDCR that we have received reports about inadequate yard time for EOP class members on your yard due to staffing shortages and other institutional issues.  I requested an investigation into the issue and a full report from CDCR, including about any staffing issues that limit the provision of outdoor recreation time on Delta yard.  I also asked for a report about the provision of night yard and early morning yard for EOPs taking heat-sensitive medications.  I will continue to follow up on these issues and will keep you apprised of CDCR's reply.

       With respect to your question about your entitlement to outdoor exercise/yard, I have done some legal research.  Unfortunately, the Title 15 provision guaranteeing 10 hours of yard time per week applies only to segregated housing units.  (I will enclose the relevant provision with this letter.)  Some courts have held that the reasonable provision of yard time to prisoners in a constitutional mandate, but there is no clear requirement about hours of yard time mandated by the Constitution.  Nonetheless, the provision of yard time to *Coleman* class members is an important issue that has been litigated in this

[1274474-1]

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 08/09)

Side 1

| IAB USE ONLY | | |
|---|---|---|
| | Institution/Parole Region | Log # | Category |
| | | | |
| | | *FOR STAFF USE ONLY* | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| | | | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): _____

*See 1824*

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): _____

**Supporting Documents: Refer to CCR 3084.3.**

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

*See 1824*

☐ No, I have not attached any supporting documents. Reason: _____

*See 1824*

Inmate/Parolee Signature: _____ Date Submitted: _____

☐ By placing my initials in this box, I waive my right to receive an interview.

AUG 12 2014

**C. First Level - Staff Use Only**

This appeal has been:                    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

☐ Bypassed at the First Level of Review. Go to Section E.
☑ Rejected (See attached letter for instructions) Date: AUG 13 2014   Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                    (Print Name)

Reviewer: _____ Title: _____ Signature: _____
                    (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant |

1824 TO CDC 602

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 10/06)

JUN 24 2014

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| LAC-D-14-2381 | | 1824 ADA |

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|---|
| Shawn | Carter | J-65253 | | | D1-119 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:
Mental Health Psychiatric Disability

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
Verification is established by Class participants participation in the Mental Health Services Delivery System(MHSDS) at the Enhanced OutPatient(EOP) level of care & through our MHSDS records maintained by the CDCR

DESCRIBE THE PROBLEM:
Pursuant to CCR.Title 15 § 3084.2(h) Class Participants seek redress from the discriminatory exclusion from 10 hours a week of outdoor recreational therapy exercise yard consistent with the Coleman Remedial Plan for EOP participants. LAC EOP receives 100% federal funding to operate & maintain EOP treatment & services however, Class Participants are, & have been, limited to 5 hours & less per week, of outdoor exercise yard because in addition to already having excluded us from

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
Modification of the current EOP outdoor exercise yard schedule which exclude class participants, & EOP Participants, from 10 hours per week of outdoor exercise yard & Accommodations to assign EOP program managers & supervisors to EOP who care to uphold & enforce not just the established Coleman Remedial Plan but also the MHSDS EOP Program Guide 'overall program quality improvement' as

INMATE/PAROLEE'S SIGNATURE       7.12.14
                         DATE SIGNED

CONFIDENTIAL – LEGAL MAIL
John Williams  V-34099
August 14, 2014
Page 2

case.  We will continue to advocate for improved conditions with respect to yard time for
*Coleman* class members, and I encourage you to continue to advocate as well.

    In one of your letters, you enclosed a response by CSP-LAC to an appeal entered
by an EOP class member on Delta yard about the lack of yard time.  The appeal
references DOM Section 62068.18.  I suspect this specific reference might have been a
typographical error, but I am enclosing the surrounding DOM sections so that you can
review them.

    Finally, I contacted Paul Hughes at Mayer Brown about representing you in your
remanded proceedings.  I explained to him that these proceedings are unrelated to our
representation of you in the *Hecker* and *Coleman* class actions and that I was merely
relaying a request from you.  I understand, based on his response, that Mr. Hughes
intends to represent you pro bono in the remanded proceedings.  Congratulations, and
good luck!

                          Sincerely,

                          ROSEN BIEN
                          GALVAN & GRUNFELD LLP

                          */s/ Margot Mendelson*

              By:   Margot Mendelson

MKM:lwv
Encls:  DOM, Article 10, Title 15, Sec. 3343

[1274474-1]

# EXHIBIT D

STATE OF CALIFORNIA
INMATE/PAROLEE GROUP APPEAL
CDCR 602-G (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page No. _____ of _____

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | *FOR STAFF USE ONLY* | | |

This is a group appeal signature attachment sheet. Attach it to your group CDCR 602. You are to legibly print your name, number, assignment and housing; then sign and date the form. By signing, you are agreeing to the issue and action requested; and you acknowledge that this appeal counts towards the allowable number of appeals in the period in which it is filed.

**PRIMARY APPELLANT**                                          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number: | Assignment | Unit/Cell # | Signature | Date |
|---|---|---|---|---|---|
| West    Frederic | H-23291 | | D1-149 | *[signature]* | 10.24.13 |

**A.** Summarize the specific issue that you are appealing as identified in the attached CDCR 602: We've just learned that Dr.V.Edwards told Facility D Managerial Staff that "lowering the amount of inmates out to yard would afford Mental Health Staff the opportunity to provide more sufficient level of treatment" which we contend is a dishonest lie & some scheme

**B.** Summarize the action requested: that Sr.Dr.V.Edwards be recognized as one who uses dishonesty & blatant lies to carry out the duties of senior/supervising psychologist; that Sr.Dr. V.Edwards not be allowed to use such practices to exploit EOP by making false claims & that V.Edwards be rendered as unqualified for position as Sr. because of her dishonesty

**NOTE:** I, the undersigned, agree that the facts presented in this appeal are true. I agree with the issue presented and I am requesting the action indicated. In the event the Primary Appellant transfers or elects to withdraw from the appeal, I understand that I may become the primary appellant for purposes of processing the group appeal.

| CDC Number | Name | Assignment | Unit/Cell # | Signature | Date |
|---|---|---|---|---|---|
| B-8778 | Willie Wilson | EOP | D1-141 | *[signature]* | 10/24/13 |
| V-34099 | John Williams | | D1-147 | *[signature]* | 10.24.13 |
| AC-3499 | Dwayne McCoy | | D1-114 | *[signature]* | 10-28-013 |
| AK4711 | Guled Abdikadir | | D-2-218 | *[signature]* | 10-24-13 |
| P65505 | Houston | | D-1-146 | *[signature]* | 10.24.13 |
| P-17060 | Harris | EOP | D1 140 | *[signature]* | 10-24-13 |
| V-93284 | Giles | EOP | D1137 | *[signature]* | 10/24/13 |
| C-93440 | MARTIN | E.O.P | D-1-137 | Eugene Martin | 10/24/13 |
| | | | | | |
| CDC Number | Name | Assignment | Unit/Cell # | Signature | Date |
| | | | | | |
| CDC Number | Name | Assignment | Unit/Cell # | Signature | Date |
| | | | | | |
| CDC Number | Name | Assignment | Unit/Cell # | Signature | Date |

STAFF USE ONLY

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PATIENT/INMATE HEALTH CARE APPEAL**

CDCR 602 HC (REV. 04/11)                                                                              Side 1

| STAFF USE ONLY | | Institution: | Log #: | Category: |
|---|---|---|---|---|
| Emergency Appeal | ☐ Yes  ☐ No | | | |
| Signature: | Date: | | *FOR STAFF USE ONLY* | |

You may appeal any California Prison Health Care Services (CPHCS) decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY.

| Name (Last, First): West    Frederic | CDC Number: H-23291 | Unit/Cell Number: D1-149 | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): About 10.21.13, class participants learned that Senior Psychologist V.Edwards informed Facility 'D' Managerial Staff that "lowering the amount of inmates out to yard would afford Mental Health Staff the opportunity

B. Action requested (If you need more space, use Section B of the CDCR 602-A): that the CDCR recognize that Sr.Dr.V.Edwards uses 'dishonesty' & blatant 'lies' to carry out the duties & obligations required by a senior psychologist; that the CDCR further recognize that Sr.Dr.V.

☑ **Supporting Documents: Refer to CCR 3084.3.**

List supporting documents attached (e.g. Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

CDCR-1858                                    First Level Response#LAC-D-13-02663

CDCR-602-G

☐ No, I have not attached any supporting documents.  Reason : _____

_____

_____

Patient/Inmate Signature: _~signature~_    Date Submitted: 10.24.13

☐ By placing my initials in this box, I waive my right to receive an interview.

*(Right margin, vertical text: S T A F F   U S E   O N L Y)*

---

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction) :    Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter).        Date: _____

☐ Accepted at the First Level of Review

Assigned to: _____    Title: _____    Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:  ☐ Granted    ☐ Granted in part  ☐ Denied    ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____    Title: _____  Signature: _____    Date completed: _____
        (Print Name)

Reviewer: _____    Title: _____  Signature: _____
        (Print Name)

| | HCAC Use Only |
|---|---|
| Date received by HCAC: | Date mailed/delivered to appellant: ___/___/___ |

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): West          Frederic | CDC Number: H-23291 | Unit/Cell Number: D1-149 | Assignment: |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue):** to provide inmates a more sufficient level of treatment during their group therapeutic yard" which influenced current change & adverse effect imposed by new EOP yard/dayroom schedule, & we seek to appeal separate from yard schedule dispute to address Dr.V.Edwards two-faced role in lying to Facility D Managerial Staff about this "more sufficient level of treatment" we are said to receive & benefit from as a result of lowering the amount of EOP inmates on the yard because no such treatment is or has been provided thus, Dr.V.Edwards knowingly false lie(s) violate CDCR policy at DOM § 33030.5.2.6,-Dishonesty- & CCR.Title 15 § 3391(a)-Employee Conduct- because such constitutes as 'irresponsible or unethical conduct or conduct reflecting discredit on herself', especially so too because when the new EOP yard/dayroom schedule was initially implemented Dr. V.Edwards 'swore' to class participants & low ranking mental health staff that she had 'absolutely nothing' to do with our yard being restricted & that 'custody' was 'solely' responsible, but as of 10.21.13, documented evidence has surfaced which clearly reveal Dr.V.Edward underhanded involvement. We submit that Dr.V.Edwards 'scheme' renders her unqualified to act as Sr. because of her willingness to lie for personal gain

Inmate/Parolee Signature: _____     Date Submitted: 10.24.13

**B. Continuation of CDCR 602, Section B only (Action requested):** Edwards claim of "a more sufficient level of treatment during their group therapeutic yard" was/is a blatant lie deliberately told to secure a personal alliance with custody officials which CDCR policy defined by CCR.Title 15 § 3413(a)(1) as 'Incompatible Activity;' that Sr.Dr.V.Edwards not be allowed to use a false claim of 'more sufficient level of treatment' to exploit class participants EOP participation or the EOP MHSDS programs & services; and that Sr.Dr.V.Edwards described dishonest scheme render her unqualified to carry out duties as senior/supervising psychologist over EOP

Inmate/Parolee Signature: _____     Date Submitted: 10.24.13

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
CALIFORNIA STATE PRISON-LOS ANGELES COUNTY
FIRST LEVEL RESPONSE

Appellant's Name & CDCR #    Gallagher, AD0014
Appeal Log #    LAC-D-13-02663
Reviewed By:    Sergeant A. Johnson
Appeal Issue:    Program
Appeal Decision:    Denied

**APPEAL ISSUE:**
In your appeal, you state that the current Enhanced Outpatient Program (EOP) Facility 'D' yard and dayroom release schedule deprives you of ten (10) hours per week of "outdoor yard". You further state that the facility staff has implemented the current EOP yard schedule in retaliation for a past 602 that you filed against supervisory staff.

**APPEAL REQUEST:**
You are requesting that the EOP Facility 'D' yard schedule be changed to the previous schedule, so that both EOP housing units are released for yard at the same time, which would allow you extra time on the yard. You are also requesting that the staff who implemented the current yard program be subject to adverse action.

**APPEAL RESPONSE:**
On Sunday, October 6, 2013, Correctional Sergeant A. Johnson interviewed you, in person, to provide you the opportunity to fully explain your appeal issue, and to provide any supporting information. During your interview you requested that the EOP Facility 'D' yard program revert back to the old schedule. You did not provide any additional information or documents.

A review of your appeal was conducted, which included your interview, your appeal with attachments, and all applicable departmental policies and institutional procedures.

**APPEAL FINDINGS:**
This appeal was forwarded to the Hiring Authority and it was determined that this appeal does not meet the requirements or the criteria for assignment as a staff complaint.

The results of your appeal review revealed that per all institutional policies and procedures, facility programs are determined by institutional needs for the safety and security of staff and inmates. Recreation yard schedules are based on the facility by a building rotation schedule. This allows all inmates the opportunity for recreational dayroom and yard exercise time. In addition, the EOP yard schedule was adjusted, due to the amount of violence that was occurring with the amount of EOP inmates on the yard.

FIRST LEVEL RESPONSE
Insert Appeal Log # LAC-D-13-02663
Page 2

Furthermore, Supervising Physiologist Dr. V. Edwards informed Facility 'D' Managerial Staff that lowering the amount of inmates out to yard would afford Mental Health Staff the opportunity to provide inmates a more sufficient level of treatment, during their Group Therapeutic Yard.

According to Departmental Operations Manual sections 62068.18 Out of Cell Time states inmates will be allowed minimum of ten (10) hours of Out of Cell Time per week. This includes yard, dayroom, workshop, self-help group activities and visit as limited by physical design, local security and Facility needs.

## APPEAL DECISION:

Based on the above information, your appeal is DENIED at the First Level of review, in that the EOP Facility 'D' yard program will not be revised due to the safety and security of the institution and institutional needs.  Your request for staff who implemented the current yard schedule be subjected to adverse action is DENIED.  All staff personal matters are confidential in nature.  As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have a right to submit a staff complaint, a request for administration action regarding staff or the placement of documentation in the staff's personnel file is beyond the scope of this appeal.

If you are dissatisfied with the First Level response you may submit for a Second Level response by completing section D of the Form 602.


A. Johnson                                    10-10-13
Facility 'D' Sergeant                         DATE
California State Prison-Los Angeles County


D. J. Williams                                10/14/13
Associate Warden (A) Programs and Housing     DATE
California State Prison-Los Angeles County

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>Frederic West | INMATE/PAROLEE'S SIGNATURE<br>*Fred West* | CDC NUMBER<br>H-23291 | DATE SIGNED<br>10.24.13 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# EXHIBIT E

RE: Screening at the FIRST Level

July 24, 2014

*CARTER, J65253*
*D 001 1119001L*

PROGRAM, Yard Scheduling, 07/24/2014
Log Number: LAC-D-14-02281
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal does not meet the criteria for processing as a CDCR Form 1824 as the issue raised is not subject to the Armstrong Remedial Plan (ARP). You are advised that you may file a CDCR Form 602 to appeal the non-ARP issues. The provisions specified in CCR 3084 apply for these non-ARP issues. The appeal is being returned for the following reason(s):*

*THE ISSUE(S) AND REQUESTED ACCOMODATION(S) LISTED ON YOUR 1824 DO NOT WARRANT ADA (ARP) PROCESSING. YOUR 1824 HAS BEEN CONVERTED TO A 602.*

*I/M CLAIMS EOP OUTDOOR EXERCISE YARD SCHEDULE EXCLUDED I/Ms TO 5 HOUR EXCERCISE INSTEAD OF THE 10 HOUR EXERCISE PER WEEK. I/M REQUESTING MODIFICATION OF THE CURRENT EOP OUTDOOR EXERCISE YARD SCHEDULE.*

*YOU ARE ATTEMPTING TO FILE A GROUP APPEAL FOR YOURSELF AND OTHERS. THE GROUP APPEAL PORTION OF YOUR APPEAL IS BEING SCREENED OUT. EACH INDIVIDUAL INMATE MUST SEPARATELY FILE A 602 APPEAL, AS EACH INDIVIDUAL MAY HAVE SEPARATE ISSUES. EACH INDIVIDUAL INMATE MUST SEPARATELY FILE A 1824 REASONABLE MODIFICATION OR ACCOMODATION REQUEST.*

*REMOVE 602G*          THIS SCREENING DECISION IS IN ERROR BECAUSE GROUP APPEAL PARTICIPANTS HAVE THE SAME ISSUE TO BE APPEALED WHICH IS US BEING EXCLUDED FROM 10-HOUR A WEEK OF OUTDOOR EXERCISE YARD THUS, PURSUANT TO CCR.TITLE 15 §§ 3084.1; 3084.2(a); AND 3085 WE HAVE A RIGHT TO FILE THIS CDCR-1824 AND THIS SCREENING DECISION DENYING US SUCH RIGHT IS DISCRIMINATION

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted. If you believe this screenout is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error. Your reply needs to be written on this 695 screenout form. You have 30 calendar days to resubmit this appeal from the date on the 695 screenout form.

8.7.14!

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

RE: Screening at the FIRST Level

*Denial of class participants right to file a group CDCR-1824 is discrimination. If no remedies exist at LAC which permit redress for discriminatory exclusion of 10 hour a week yard because of mental disability then improper screening exhaust remedies.*

*8-27-14*

*August 24, 2014*

**CARTER, J65253**
D 001 1119001L

PROGRAM, Yard Scheduling, 08/12/2014
Log Number: LAC-D-14-02281
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal does not meet the criteria for processing as a CDCR Form 1824 as the issue raised is not subject to the Armstrong Remedial Plan (ARP). You are advised that you may file a CDCR Form 602 to appeal the non-ARP issues. The provisions specified in CCR 3084 apply for these non-ARP issues. The appeal is being returned for the following reason(s):*

*I/M CLAIMS EOP OUTDOOR EXERCISE YARD SCHEDULE EXCLUDED I/Ms TO 5 HOUR EXCERCISE INSTEAD OF THE 10 HOUR EXERCISE PER WEEK. I/M REQUESTING MODIFICATION OF THE CURRENT EOP OUTDOOR EXERCISE YARD SCHEDULE.*

*YOU ARE ATTEMPTING TO FILE AN ADA GROUP APPEAL FOR YOURSELF AND OTHERS. THE GROUP APPEAL PORTION OF YOUR APPEAL IS BEING SCREENED OUT, AS THIS IS NOT AN ADA ISSUE. EACH INDIVIDUAL INMATE MUST SEPARATELY FILE A 602 APPEAL, EACH INDIVIDUAL MAY HAVE SEPARATE ISSUES. HOWEVER, IF AN INDIVIDUAL INMATE IS DOCUMENTED AS AN ADA INMATE THEN THEY MUST FILE AN 1824 REASONABLE MODIFICATION OR ACCOMODATION REQUEST.*

*YOU FAILED TO RESOLVE THIS ISSUE AT THE LOWEST LEVEL. SUBMIT A FORM 22 TO YOUR BUILDING STAFF OR FACILITY SERGEANT. IF YOU ARE DISSATISFIED WITH THE RESPONSE COMPLETE SECTON C. ATTACH ANY OTHER DOCUMENTS SHOWING YOU WERE EXCLUDED FROM 10 HOURS TO FIVE HOUR EXERCISE. ATTACH YARD SCHEDULE.* Screening decision is error and unlawful because it is denying class participants right to file a group CDCR-1824 you are discriminating 8-27-14.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted. If you believe this screenout is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error. Your reply needs to be written on this 695 screenout form. You have 30 calendar days to resubmit this appeal from the date on the 695 screenout form.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
**INMATE/PAROLEE GROUP APPEAL**
CDCR 602-G (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page No. _____ of _____

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | L A C - D - 14 - 2281 | 11 |
| | | *FOR STAFF USE ONLY* | |

This is a group appeal signature attachment sheet. Attach it to your group CDCR 602. You are to legibly print your name, number, assignment and housing, then sign and date the form. By signing, you are agreeing to the issue and action requested; and you acknowledge that this appeal counts towards the allowable number of appeals in the period in which it is filed.

**PRIMARY APPELLANT**                                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Assignment: | Unit/Cell #: | Signature | Date |
|---|---|---|---|---|---|
| Carter    Shawn | J-65253 | | D1-119 | Shawn Carter | 7.12.14 |

**A.** Summarize the specific issue that you are appealing as identified in the attached CDCR 602: Exclusion of Class participants from 10 hours a week of outdoor exercise yard discriminate based on MHSDS EOP participation & undermine the Coleman Remedial Plan & the MHSDS EOP program guide which require 'overall program quality improvement' for EOP program & services

**B.** Summarize the action requested: Modification of current EOP outdoor exercise yard schedule which now exclude Class Participants from 10 hour a week of yard & Accommodations to assign MHSDS EOP supervisors/managers who care to uphold & enforce Coleman Remedial Plan & the MHSDS EOP Program Guide overall program quality improvement requirements

**NOTE:** I, the undersigned, agree that the facts presented in this appeal are true. I agree with the issue presented and I am requesting the action indicated. In the event the Primary Appellant transfers or elects to withdraw from the appeal, I understand that I may become the primary appellant for purposes of processing the group appeal.

| CDC Number | Name | Assignment | Unit/Cell # | Signature | Date |
|---|---|---|---|---|---|
| J59004 | Mitchell Russell | E.O.P | D2.126 | Mitchell R | 7/13/14 |
| E-51121 | Moore Alfred | Porter | D1 111 | | 7/15/14 |
| AK5675 | Cross Josh | D1-146 | | Cross Josh | 7-15-14 |
| AG1416 | Greenwald Jason | D1 205 | | Jason greenwald | 7-15-14 |
| E-07093 | Mitchell Keno | D-1-114 | | Keno Mitchell | 7-15-14 |
| P65536 | R. Houston | | 146 | | 7.15.14 |
| J78692 | F Johnson | | 127 | F. Johnson | 7-15-14 |
| D-04196 | T. Sutton | D-1 | 130 | Lawrence Sutton | 7/15/14 |
| J-98347 | C. Willis | D-1 | 123L | Corry Willis | 7/15/14 |
| J96111 | L.C. Hagerty | D-1 | 143 | L.C. Hagerty | 7/15/2014 |
| D1778 | C. Payne | D-1 | 142 | C Payne | 7/15/2014 |
| T-64822 | Hyde | D-1 | 201 | Hyde | 7/15/201 |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | LAC-D-14-2281 | | 11 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|---|
| Carter | Shawn | J-65253 | d1-119 | |

**A.** Continuation of CDCR 602, Section A only (Explain your issue): afternoon yard on weekends & exercise yard 7 days per week, we are now excluded from exercise yard on Tuesday & Thursday because of custody meetings which have been scheduled these days every week from 8:a.m., to 9:00a.m., during time when EOP yard schedule is set to commence, & often by the time this weekly meeting is over our yard time has, or is close to, expired resulting in an overall denial which we contend is discriminatory because General Population(GP) prisoners here at LAC receive 8-10 hours a week of exercise yard & custody Tuesday & Thursday meetings dont effect the GP exercise outdoor yard schedule because GP yard is scheduled to commence after custody weekly meetings & GP prisoners receive outdoor exercise yard up to the 10 hour per week minimum standard which includes afternoon yard on weekends. Class Participants further contend that exclusion of EOP participants from the required 10 hours per week of outdoor recreational yard program, services, & activities conflict with the MHSDS EOP Program Guide because the discriminatory exclusion challenged by this group appeal prevent & diminishes the 'overall program quality improvement' of EOP & further undermine the provisions set by the Coleman Remedial Plan for EOP

Inmate/Parolee Signature: _Shawn Carter_    Date Submitted: 7.12.14

**B.** Continuation of CDCR 602, Section B only (Action requested): to prevent & abolish unlawful exclusion of MHSDS EOP participants from CDCR programs, services, & activities

Inmate/Parolee Signature: _Shawn Carter_    Date Submitted: 7.12.14

# EXHIBIT  F

RE: Screening at the FIRST Level

*August 27, 2014*

**WILLIAMS, V34099**
*D 001 1145001L*

PROGRAM, Yard Scheduling, 08/25/2014
Log Number: LAC-D-14-02785
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*YOUR ISSUE IS NOT A HEALTH CARE SERVICES ISSUE, THEREFORE, REMOVE THE CDCR-602-HC AND RESUBMIT ON A CDCR 602.*

*ALSO, YOU NEED TO ADD ADDITIONAL INFORMATION SUCH AS NAMES, DATES, TIMES, EVENTS, BE SPECIFIC.  LAC IS UNABLE TO PROCESS GENERALITIES.*

valid CDCR 602-HC
ISSUE, will not receive
602-HC

B. Harris/V. Powers
Appeals Coordinators
California State Prison – Los Angeles County

RECEIVED
I CAB
DEC 1 5 2014
HC APPEALS

Note: If you are required to respond/explain to this CDC Form 695, use only the lines provided below.
THIS SCREENING DECISION IS IN ERROR BECAUSE IT IS NOT BASED ON
CDCR APPEAL REJECTION CRITERIA OUTLINED AT CCR TITLE 15 § 3084.6
ALSO, GROUP APPEAL CHALLENGES DISCRIMINATORY EXCLUSION FROM
CDCR OUTDOOR YARD PROGRAMS, SERVICES, AND ACTIVITIES DUE TO EOP
STATUS AND PARTICIPATION THUS, IF THERE ARE NO REMEDIES HERE
LAC TO REDRESS THE DESCRIBED DISCRIMINATORY PRACTICES THEN YOU
MAY 'CANCELL' THIS APPEAL AS TO EXHAUST OUR STATE REMEDIES
BUT APPEAL ISSUE WILL BE ADDRESSED AS DISCRIMINATORY EXCLUSION
ON THE APPROVED CDCR-602-HC.       8-29-14

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.6(b).  Pursuant to CCR
3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate
appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on
the cancellation is granted.  If you believe this screenout is in error, please return this form to the Appeals
Coordinator with an explanation of why you believe it to be in error.  Your reply needs to be written on this 695
screenout form.  You have 30 calendar days to resubmit this appeal from the date on the 695 screenout form.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

CSP-LAC HC – Received
SEP 16 2014
APPEALS OFFICE

CSP-LAC HC – Received
SEP 0 3 2014
APPEALS OFFICE

CSP-LAC HC – Received
OCT 2 2 2014
APPEALS OFFICE

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


**Date:**  10/17/2014                                    CANCELLATION NOTICE

**To:**     WILLIAMS, JOHN (V34099)
            D 001 1145001L
            California State Prison – LA County
            P.O. Box 4670
            Lancaster, CA 93539-4670

**Tracking/Log #:**        LAC HC 14048585

It has been determined your appeal submitted does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being cancelled and returned to you for the following reason(s):

**Not CCHCS Jurisdiction:** CCR, Title 15, Section 3084.6(c)(1) states, "The action or decision being appealed is not within the jurisdiction of the department." Your appeal issue is not a health care services issue over which California Correctional Health Care Services has jurisdiction.


Doshna, B.
Health Care Appeals Office
California State Prison – LA County


CSP-LAC HC - Received

OCT 2 2 2014

APPEALS OFFICE





Cancellation Note: Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. When an appeal is cancelled, your administrative remedies have not been exhausted pursuant to Title 15 CCR Section 3084.1(b).

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

STATE OF CALIFQRNIA
**INMATE/PAROLEE GROUP APPEAL**
CDCR 602-G (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page No. _____ of _____

| | IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|---|
| RECEIVED I CAB DEC 1 5 2014 HC APPEALS | | LAC WC LAC 10 | x04960E 14-02798 FOR STAFF USE ONLY | #1 |

This is a group appeal signature attachment sheet. Attach it to your group CDCR 602. You are to legibly print your name, number, assignment and housing, then sign and date the form. By signing, you are agreeing to the issue and action requested; and you acknowledge that this appeal counts towards the allowable number of appeals in the period in which it is filed.

**PRIMARY APPELLANT**                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Assignment: | Unit/Cell # | Signature | Date |
|---|---|---|---|---|---|
| WILLIAMS  JOHN | V-34099 | | D1-145 | _signature_ | 7.31.14 |

**A.** Summarize the specific issue that you are appealing as identified in the attached CDCR 602: AS MHSDS EOP COLEMAN CLASS MEMBERS WE ARE, & HAVE BEEN, EXCLUDED FROM & DEPRIVED OF 10 HOURS A WEEK OF OUTDOOR EXERCISE YARD PROGRAMS, SERVICES, & ACTIVITIES BECAUSE OF OUR EOP STATUS AND PARTICIPATION WHICH VIOLATE & UNDERMINE THE COLEMAN REMEDIAL PLAN FOR EOP

**B.** Summarize the action requested: ABOLISH THE DISCRIMINATION BEING RAISED BY THIS GROUP APPEAL: THAT WE NOT BE EXCLUDED FROM CDCR 10 HOUR A WEEK OUTDOOR YARD PROGRAMS, SERVICES, & ACTIVITIES; AND THAT EOP SUPERVISING SR. PSYCHOLOGIST IMPROVE OVERALL EOP PROGRAM BY UPHOLDING THE COLEMAN REMEDIAL PLAN WHICH INCLUDE HECKER v. CDCR FOR EOP

**NOTE:** I, the undersigned, agree that the facts presented in this appeal are true. I agree with the issue presented and I am requesting the action indicated. In the event the Primary Appellant transfers or elects to withdraw from the appeal, I understand that I may become the primary appellant for purposes of processing the group appeal.

| CDC Number | Name | Assignment | Unit/Cell # | Signature | Date |
|---|---|---|---|---|---|
| E-07092 | Neano Mitchell | PORTER | D-1-114 | Neano Mitchell | 7-24-14 |
| E-37721 | O. MOORE | PORTER | D1-111 | O. Moore | 7-24-14 |
| H-2840 | Derrick Johnson | | D1-115 | Mr Derrick Johnson | 7-24-14 |
| P-64696 | Terronce Sutton | | D-1-130 | Terrance Sutton | 7/24/04 |
| C-24762 | BURKLEY E | PORTER | D-141 | Bkly | 7/24/14 |
| D-17728 | C. PAYNE | | D1/142 | C.Payne | 7/24/14 |
| P-86281 | R HOWARD | | D1/136 | R Howard | 7-25-14 |
| B-69981 | DONALD WASHINGTON JR | EOP | D1-134 | Donald Washington J | 7/25/14 |
| V-92284 | GILES, JERIMEY | EOP | D1-137 | Jerimey Giles | 7/25/14 |
| H-72048 | Fred W. Helvy | | D1 237 | Fred W. Helvy | 07/25/14 |
| E-40822 | MORRIS MICHAEL | EOP | D-1-117 | Morris Michael | 7-25-14 |
| B-79636 | JOSEPH TOUSSAINT | EOP | D1-236 | Joseph Toussaint | 7-25-14 |

CSP-LAC HC - Received
JUL 3 0 2014
**APPEALS OFFICE**

CSP-LAC HC - Received
SEP 0 3 2014
APPEALS OFFICE

RECEIVED HC APPEALS DEC 1 5 2014

CSP-LAC HC - Received
SEP 1 6 2014
**APPEALS OFFICE**

CSP-LAC HC - Received
OCT 2 2 2014
APPEALS OFFICE



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



## RECONSIDERATION OF CANCELLATION

**Date:** FEB 2 5 2015

**To:** WILLIAMS, JOHN (V34099)
California State Prison-Los Angeles County
44750 60th Street West
Lancaster, CA 93536-7620

**From:** California Correctional Health Care Services
Inmate Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**    LAC HC 14048994

This appeal was reviewed by Inmate Correspondence and Appeals Branch (ICAB) staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is:    ☒    DENIED

☐    PARTIALLY GRANTED

☐    GRANTED

This decision exhausts your available administrative remedies.

## APPEAL REQUESTS:

You are requesting reconsideration of previously cancelled appeal, LAC HC 14048585, for acceptance and processing by ICAB pursuant to California Code of Regulations (CCR), Title 15, Section 3084.6(e). The contents of the cancelled appeal are not the subject of this appeal, and it and no other issues or requests other than the reconsideration of the cancellation will be addressed in this response.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

A review of the appeal file was performed and revealed the following:
- You submitted your appeal log# LAC-D-14-02785 on July 31, 2014, and the Inmate Appeals Office responded to you on August 27, 2014. You were instructed to resubmit your appeal on a CDCR 602 (green appeal) Inmate/Parolee Appeal Form.

J. WILLIAMS, V34099
LAC HC 14048994
Page 2 of 2

- You resubmitted your appeal to the Health Care Appeals Office (HCAO) and it was cancelled on October 17, 2014, per CCR, Section 3084.6(c)(1). A letter was sent to you informing you to resubmit the appeal to the Inmate Appeals Office, because your appeal issue is not a health care services issue over which the California Correctional Health Care Services has jurisdiction.
- On December 5, 2014, you filed a 602-HC requesting reconsideration of cancellation of appeal log# LAC HC 14048585.
- On October 17, 2014, your appeal LAC HC 14048585 was appropriately cancelled per the CCR, Title 15, Section 3084.6(c)(1).

After review:  ☒  No intervention at the Director's Level of Review is necessary as your appeal was appropriately cancelled.

☐  There is sufficient information or reason that warrants intervention at the Director's Level of Review.

**ORDER:**

☒  No change or modification is required by the Inmate Correspondence and Appeals Branch.

☐  Modification is required by ICAB, appeal log # SVSP HC 14051321 will be processed by the ICAB. You will receive notification in writing once a decision has been made.

*C. Lewis*, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### RECONSIDERATION OF CANCELLATION
### SECOND LEVEL

**Date:**    December 3, 2014

**To:**    WILLIAMS, JOHN  V34099
D1 145
California State Prison – Los Angeles County

**Tracking/Log # :    LAC HC 14048994**

This appeal was reviewed by California State Prison – Los Angeles County, Health Care Appeals Office (HCAO) staff.  All submitted information has been considered.

## SECOND LEVEL DECISION:

Appeal is:    ☒    DENIED

☐    PARTIALLY GRANTED

☐    GRANTED

## APPEAL REQUEST:

You are requesting reconsideration of cancelled appeal, Log # LAC HC 14048585 for acceptance and processing by the HCAO pursuant to California Code of Regulations, Title 15, Section 3084.6(e).  The screening rule or application of the screening rule is the **only** matter that will be examined for this response; the contents of the cancelled appeal are not the subject of this appeal and no other issues or requests other than the reconsideration of the cancellation will be addressed in this response.

## BASIS FOR SECOND LEVEL DECISION:

Your appeal file and documents were reviewed by staff.  These records indicate:

You stated on your appeal that the group appeal issue concerning exclusion from CDCR programs, services, & activities based on mental disability not falling within the CCHCS Jurisdiction is absurd because health care and mental health care fall under the same umbrella.

You were interviewed by B. Doshna, Health Care Appeal Coordinator on December 1, 2014 regarding this cancellation reconsideration.  You stated that you met with the Colman monitors and they instructed you to use the HC602, 1824, and 602 process for yard issues.

Your mannerisms, interaction with the interviewer and ability to restate the discussion in your own words indicated that there was no effective communication barriers observed; therefore effective communication was reached.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

WILLIAMS, JOHN  V34099
Appeal Log #LAC HC 14048994
Page 2 of 2

Appeal LAC HC 14048585 was cancelled correctly as the issues are under the purview of custody.

After review:    ☒    No intervention at the Second Level of Review is necessary as your appeal was appropriately cancelled.

☐    There is sufficient information or reason that warrants reconsideration at the Second Level of Review.

**ORDER:**

☒    No change or modification is required by the California State Prison – Los Angeles County HCAO.

☐    Modification is required by the California State Prison – Los Angeles County HCAO.  Therefore, the original cancelled appeal and all supporting documents have been accepted for processing at the Second Level of Review in accordance with appeal filing requirements.

Doshna, B.
Health Care Appeals Coordinator
Health Care Appeals Office
California State Prison – Los Angeles County



RECEIVED
I CAB
DEC 1 5 2014
HC APPEALS

RECEIVED
DEC 1 5 2014
HC APPEALS

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JEREMY Giles

     Petitioner

   v.

CDCR, et al.,

     Respondent

Case No. _____

PROOF OF SERVICE

    I the undersigned, here by certify that I am over the age of eighteen years, and I (am, (am not)    a party to the above entitled action.

    On **4/8/15** _____, _____, I served a copy of:

**Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 For Declaratory and Injunctive Relief**

By placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the United States mail:

    1. U.S.District Court
      Central District of Calif
      312 N.Spring Str
      Los Angeles,Calif 90012

    I declare under the penalty of perjury that the foregoing is true and correct.

Signature _____

Hasler
04/22/2015
US POSTAGE $005.95⁰
ZIP 93536
011D11650002

Gregory Pile C#V-82284
4-4-Los Angeles, D1-137
P.O. Box 4670
Lancaster, Calif 93539

CDCR STATE PRISON GENERATED MAIL

RECEIVED
CLERK, U.S. DISTRICT COURT

APR 24 2015

CENTRAL DISTRICT OF CA.

To: United States District Court
Central District of California
312 N. Spring Street
Los Angeles, Calif 90012

Legal and
Confidential
Mail
4/8/15 /

AR  4-21-15